FILED
SEP 13 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT UNDER THE
CIVIL RIGHTS ACT 42 U.S.C. SECTION'S 1981 Thru 1985
UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
FEDERAL CIRCUIT, FEDERAL QUESTION INVOLVED

CLARENCE MCGANN. 06A0434

Wyoming Correctional Facility, Attica, NY 14011-0501

Enter above the full name of the
plaintiff in this action.

VS.

WILLIAM K. SUTER, CLERK, & Ruth Jones Deputy Clerk

UNITED STATES SUPREME COURT

WASHINGTON, D.C. 20543

Enter above the full name of the
defendant or defendants in this action.

CASE NUMBER   1:06CV01592

JUDGE: Emmet G. Sullivan

DECK TYPE: Pro se General Civil

DATE STAMP: 09/13/2006

I. Parties

(In item A below, place your full name in the first blank and place your present address in the second blank. Do the same for any additional plaintiffs.)

A. Name of Plaintiff  Clarence McGann  06A0434

   Current Address  Wyoming Correctional Facility. Attica, NY 14011-0501

(In item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use item C for the same information regarding any additional defendants.)

B. Defendant  WILLIAM K. SUTER, CLERK, OF U.S. SUPREME COURT  is

   employed as _____

   at _____

C. Additional Defendants  Ruth Jones Deputy Clerk U.S. Supreme Ct. Wash. DC

1-14

## STATEMENT OF CLAIM

This suit raises a federal question and the federal circuit Court in the District of Columbia, appear to have jurisdiction over this matter (Viz. Exparta Young 209 U.S.123)

The Plaintiff is incarcerated by a Court whom totally vitiate it's jurisdiction due to it's many willful constitutional violations of the Plaintiffs constitutional and statutory rights. The defendants being aware of the law, refused to perform their ministerial functions, in order to prevent a Justice of the Supreme Court from reviewing the federal questions which are Primia Facie, and which would cause said Title III Officer to comply with the mandate found under <u>Key 40, in COURT, NEW YORK DIGEST, AND C.J.S., AND SECTIONS 91 & 92 UNDER COURTS NAMELY TO RULE ON THE JURISDICTIONAL ISSUE , REGARDLESS OF THE OTHER ISSUES WHICH BROUGHT THE ISSUE BEFORE SAID TITLE III OFFICER.</u> To wit

Plaintiff sought Certiorari in the U.S. Supreme Court. His documents were being return by Deft., Jones on issues that the U.S. Supreme Court had already ruled on, Plaintiff seeing that his time was going to run out moved Pursuant to Rule 22, of the Supreme Court Rules. should have been sent to a Circuit Justice or Ruled on by the Clerk. The Plaintiff then moved under Rule 30 (4) Supreme Ct., Rules a "MOTION FOR RELIEF FROM CLERKS DENIAL OF EXTENSION OF TIME AND REQUESTED FURTHER RELIEF" From the heading of the motion, rule 30 (4) is the only applicable authority to apply. Defendant Jones again return the Plaintiff's documents to him withou complying with her ministerial functions, this willful violation of her written orders now puts defent Jones in harms way Viz Harlow vs Fritzgerald 457 U.S. 800. The constraint exhibited by Defendant Jones, in not allowing the matter to come before a jurist of the Court, in no way ended the matter, as stated by the U.S.Supreme Court in Exparta Young Supra.,any Title III officer to whom the issue is raised must rule upon the issue. concerning jurisdiction of the trial Court.   <u>Exparta Young Page 447 "IT IS MOST TRUE THAT THIS COURT WILL NOT TAKE JURISDICTION IF IT SHOULD NOT: BUT IT IS EQUALLY TRUE THAT IT MUST TAKE JURISDICTION IF IT SHOULD THE JUDICIARY CANNOT, AS THE LEGISLATURE MAY, AVOID A MEASURE BECAUSE IT APPROACHES THE CONFINDS OF THE CONSTITUTION. WE CANNOT PASS IT BY BECAUSE IT IS DOUBTFUL...</u>

2-14

> WITH WHATEVER DOUBTS, WITH WHATEVER DIFFCULTIES A CASE MAY BE ATTENDED, WE MUST DECIDE IT, IF IT BE BROUGHT BEFORE US. WE HAVE NO MORE RIGHT TO DECLINE THE EXERCISE OF JURISDICTION WHICH IS GIVEN, THAN TO USURP THAT WHICH IS NOT GIVEN, ONE OR THE OTHER WOULD BE TREASON TO THE CONSTITUTION. ... (Bottom Page 447 )
> IF NO OATHER GROUND EXSISTS, THEN THE ORDER OF THE CIRCUIT COURT, ASSUMING TO PUNISH PETITIONER FOR CONTEMPT WAS, WAS AN UNLAWFUL ORDER, MADE BY A COURT WITHOUT JURISDICTION. <u>IN SUCH CASE THIS COURT UPON PROPER APPLICATION, WILL DISCHARGE THE PERSON FROM IMPRISONMENT.</u>   EMP ADDED
> CASES CITED AND INCLUDED BY ACCLAIMATION.

There are a number of issues in this case that show that the trial court was without jurisdiction to imprison the Plaintiff, all of these issues are raised in the documents which the Supreme Court Jurist would have reviewed, if the defendant had presented the appeal to the jurist pursuant to Sup. Ct. Rule 30 (4)

The Plaintiff will mention two issues which are by themselves so gross need not a lot of discussion. The Plaintiff was tried and sentenced on two misdomeanors two years and five months after there alleged occurance. The law demands they be tried in six months, but C.P.L. (CRIMINAL PROCEDURE LAW SECTION 30.2. gives a two year maximum) During all of the constitutional violations that were going on in this case, I asked the State Inspector General to investigate the matter. The State I.G. refused stating he was not allowed by statute. A copy of his letter is attached. If the U.S. Const., is the supreme law of the land, and the oath of office which every Lawyer, Judge, Peace Officer etc., must take, before they can assume their position, where does the State Of New York get the authority to override the edicts of the U.S. Const., and those of the U.S.Sup.reme Court which has stated said oath of office is binding. It cannot be binding if someone can order that you cannot investigate when it's being abused.

These two issues by themselves, ARE SUFFICENT FOR THIS JURIST TO VACATE THE SENTENCES IMPOSED AND MAKE THE Plaintiff whole, as stated by the supreme court in Exparta Young Supra, and quoted by Plaintiff (in part ) . Plaintiff is not submitting his briefs to this Court at this time, he is only submitting the answering and moving papers with the Clerk of Court and the Letter from the inspector general office showing that he is prohibited from investigating and enforcing the Constitution of the United States of America.

## RELIEF PRAYED FOR

THE PLAINTIFF CLARENCE MCGANN, PRAYS FOR A FULL EVIDENTIAL HEARING AND FULL FINDINGS OF FACTS MADE AND THE ISSUES FOUND HEREIN BE SETTLED IN ACCORDANCE WITH DUE PROCESS OF LAW.

THAT UPON FINDING THAT THE TRIAL COURT HAD LOST IT'S JURISDICTION IN THIS CASE THAT THE JURIST REVIEWING THIS ISSUE DECLARE THE ENTIRE PROCEEDING LEADING UP TO THIS CIVIL RIGHTS SUIT BE DECLARED NULL AND VOID AND THE PLAINTIFF MADE WHOLE. THIS AUTHORITY IS FOUND IN EXPARTA YOUNG, SUPRA. AND FEDERAL DIGEST UNDER COURTS KEY 40, AND UNDER C.J.S. "COURTS" SECTION 90 - 91.

## MOTION TO HAVE THE UNITED STATES MARSHAL COMPLETE THE SERVICE OF PROCESS

THE PLAINTIFF CLARENCE MCGANN, BEING INCARCERATED, AND HANDICAPPED BY SAID INCARCERATION, HEREIN MOVES THIS COURT TO ORDER THE UNITED STATES MARSHAL SERVICE TO COMPLETE THE SERVICE OF PROCESS ON THE DEFENDANTS HEREIN. THE PLAINTIFF WILL REMIT THE COST FOR SAID SERVICE UPON RECVING THE DEMAND FROM THE U.S.M. SERVICE.

RESPECTFULLY SUBMITTED

*Clarence McGann* (signature)
CLARENCE MCGANN 06A0434
Wyoming Correctional Facility
Attica, New York 14011-0501

SWORN TO BEFORE ME ON THIS ___ DAY OF _____ 06

NOTARY PUBLIC    *Affirmed under penalty of perjury T. 28, Sec 1746 U.S.C.*

4-14