IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA 333 CONSTITUTION AVE, AVE., NW

RECEIVED

OCT 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CLARENCE McGANN

, Plaintiff Pro Se

v

Civil Action No. 06-1592 (EGS)

WILLIAM K. SUTER, et.al.
        Defendants.

## NOTICE OF APPEAL

PLEASE TAKE NOTICE:

    That Clarence McGann, the Plaintiff above named, proceed in proper person, being unlearned in law, and having read read the order of the Honorable E.G.S., U.S.D.J., dated Oct. 10th 2006, and feeling himself deeply aggrived by the unconstitutional manner in which said order was rendered, not only being bias & prejudicial, but handed down without in total conflict with the U.S. Supreme Court edict in caae of Harlow Vs Fritizgereld 459 U.S. 800, Anderson Vs Creighton 483 U.S. 635, 107 S.Ct 3034 (1987). Harlow holds that Clerks have immunity when directly carrying out Court orders; unless they vio= late clearly establish statutory or constitutional rights of which a reasonable person would have known. The defendant herein clearly violated the written rules of the U.S. Supreme Court (namely rule 30.4 )In order not to allow a Justice of the U.S. Supreme Court to view a case which the Court whom imposed the sentence was totally without jurisdiction. The Clerks knowing their law, and knowing that any Justice viewing a case in which jurisdiction was wanton, would rule that the trial court was wthout jurisdiction, and the issue which is before the court has no merit because there is no proper foundation to argue the issue which was presently before the Court; because Jurisdiction of the trial Court upon which any claim for Certiorari was base was totally lacking.

/ - 3

The Clerks have no immunity for there actions, becausê. The Clerks are suppose to know the Rules of the Court, and they cannot , they have no type of immunity from a Civil rights Suit.for disobeying a ministerial function. Judge(EGS) in order to sustain the action of the Clerks appears to have Shot from the HiP, and never Shepperdized Stup vs Sparkman, on the related issue. A. dismissal with prejudice is usually giving after a full adjudication on the merits of the case.

There was no adudication giving on the merits of this case, it may have been that the Judge in this case thought he hâd AN I.F.P., case be fore him. The Plaintiff paid the necessary filing fee, and is entitled to have his case adjudicated inaccordance with dueprocess of law on the issues raised in his complaint. Adjudication on whether the Service of Process should be handled by Certified Mail, without any rebuttal allowed, and dismissal with prejudice, gives a Judge the Power to do what it takes 2/3 of the full Congress to do, namely change the mandate of the U.S. Constitution. As such the ruling of this Court without an adjudication on the merits is totally uncontitutional, due to the gravity of a dissmissal with prejudice, the Plaintiff moves that his appeal be adjudicated in the Court Of Appeals For The District of Columbia, providing that is the Correct Appellate Court.

The Jurist In the district court, the Hon EGS is clearly bias prejudicial in his handling of this case, a dismissal wih prejudice usally is       giving after an adjudication on the merits, if the jurist below had giving a review on the merits, how come he didn't find that the Plaintiff was brought to trial on two misdomeaner charges in excess of two years after the alleged charges were filed. That is far over the time limit to bring Misdomeanor complaints for adjudication. To make a charge as dismissal with prejudice and over ride the edict of the U.S. Supreme Court on whom has immunity is not just bias and prejudice, it's a clear disregard for the very oath of office take by the Hon. EGS.

Wherefore the reasons forgone stated the Plaintiff herein appeals from the judgement of the order of the Hon E.G.S., of the U.S.D.C., D.C. in case Civ. # 06-1592, dated 10th Oct. 06.

Respectfully Submitted

Clarence McGann 06a0434, Wyoming Correctional Facility, Attica, NY 14011-0501

AFFIDAVIT OF SERVICE

Comes now the Plaintiff Clarence McGann, being duly sworn deposes and says, That om this 23rd day of October 2006, he placed into the institutional mail box, acopy of this notice of appeql addressed to the following persons.

1. Clerk of Court, U.S.D.C. 333 Const. Ave, Washington ,D.C. 20001

2. Attorney General Of the United States, Department of Justice 950 Pennsylvania, Ave, Washington, D.C. 20530

3. United States Attorney, For The District Of Columbia, WasHington D.C. 20001

Respectfully Submitted
and signed under the pentaly of perjury T. 28 Sec 1746 U.S.C.

Attn. Clerk. Send info on cost of Appeal.